**PAYNE, Plaintiff-Appellant, v DEERCREEK BOARD OF EDUCATION, Defendant-Appellee.**

Ohio Appeals, Second District, Madison County.

No. 158. Decided June 6th, 1947.

Herbert & Dombey and Edwin M. Tuttle, all of Columbus, for plaintiff-appellant.

Frank J. Murray, London, for defendant-appellee.

**OPINION**

By MILLER, J.

This is an appeal on questions of law and fact from a judgment recovered by the defendant in the Court of Common Pleas of Madison County, Ohio. The action is one for an in-

junction to restrain the defendant, the Deercreek Local Board of Education of Deercreek Township, from appropriating property belonging to the plaintiff for a recreation area for the Lafayette Graded School, Lafayette, Madison County, Ohio.

The facts leading up to this action disclose that on June 4, 1946, the defendant, by resolution, declared its intention to appropriate to public use a fee simple estate in lots 42, 43 and 44, as recorded upon the recorded plat of the town of Lafayette, Madison County, Ohio. Pursuant to this resolution the president of the defendant board contacted the plaintiff and discussed the possibility of acquiring the said lots. Being unable to arrive at an agreement the plaintiff was informed that eminent domain proceedings would be instituted. Thereafter, the defendant made application to the Court of Common Pleas of Madison County, Ohio, to have a jury appointed for the purpose of assessing compensation for said lots and that Court ordered a jury impaneled on the 12th day of August, 1946.

On or about the 15th day of July the plaintiff filed his petition for an injunction in the Common Pleas Court, asking that the defendant be enjoined from proceeding with its eminent domain proceedings. Said petition alleged that defendant in seeking to appropriate plaintiff's property was acting in bad faith and was governed by passion and prejudice, and further that the property of the plaintiff would not be adequate for the purpose for which it was sought and the appropriation would not be conducive to the general welfare of the public.

The answer, after making certain admissions as to the capacity of the defendant, the ownership of the land and the pendency of the suit in the Court of Common Pleas, is a general denial.

It is the contention of the plaintiff that the defendant did not follow the procedure required by §4834-11 GC in that no effort was made by the defendant to agree upon the sale and purchase of the property prior to the commencement of the condemnation proceedings in the Court of Common Pleas. The evidence, however, does not support this conclusion. We find that prior to the commencement of the action in the Common Pleas Court the president of the Board of Education called upon the plaintiff and discussed the purchase of the property with him. The plaintiff informed him the property was not for sale and offered to assist in the locating of suitable property for the defendant's purpose. The record, therefore, supports the conclusion that the statutory requirements were fully met.

The plaintiff contends further that the defendant is not acting in good faith in seeking this property. The evidence discloses that the defendant operates a public school which is attended by approximately 135 children. The school is located on a tract of land which contains about one-fourth of an acre which can be used for playground purposes; that in order to have adequate playgrounds the property which is the subject of this action and consisting of approximately one acre, is necessary. The plaintiff acquired this land sometime during the year 1945, which for years prior thereto had been used by the school children for playground purposes by sufferance of the previous owners. After the plaintiff acquired the property he enclosed it with a fence, built hog hutches on it and placed approximately 80 hogs in that enclosure. The plaintiff testified that he would permit the children to continue to use the premises for playground purposes. Under such conditions ordinary decency would not permit the use of these premises for such purposes. We think the evidence does not support the conclusion of bad faith on the part of the defendant, but on the contrary we find that the defendant is seeking this property in good faith and for the best interests of the school.

The plaintiff contends further that the property is not adequate for the purposes indicated. This, however, is not a legal question. The only legal question is whether the property will serve a public purpose, and public playgrounds do serve a public purpose.

We are referred to the case of **Railroad Company v Belle Center, 48 Oh St 278,** which is not in point here. There, more land was sought than necessary and the excess served no public purpose. In our case the plaintiff is claiming that even though the land will be used for a public purpose, that the amount sought is inadequate. This is of no concern to the plaintiff, for §4834-11 GC provides that private lands may be acquired "when necessary in the opinion of any board of education to procure or enlarge grounds to be used for * * * playground for children * * * ."

We find the evidence does not support the allegation of the petition. The injunction is denied and judgment is rendered for the defendant for costs.

WISEMAN, PJ, and HORNBECK, J, concur.